

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SAM WESTRY,

    Petitioner,

v.                        Civil Action No. 3:13CV471

ERIC WILSON,

    Respondent.

## MEMORANDUM OPINION

Sam Westry, a federal prisoner confined in Petersburg, Virginia, submitted a 28 U.S.C. § 2241 ("§ 2241 Petition").[1] For the reasons set forth below, the § 2241 Petition will be dismissed for lack of jurisdiction.

## I. PROCEDURAL HISTORY

Following a bench trial, the Court convicted Westry of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). United States v. Westry, 186 F. App'x 351,

---

[1] That statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>     (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>     (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>     (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

352 (4th Cir. 2006). At sentencing, the Court found Westry to be "an armed career criminal under U.S. Sentencing Guidelines Manual § 4B1.4" and sentenced Westry to 180 months of imprisonment. Id. at 352-53. Subsequently, the Court denied a 28 U.S.C. § 2255 motion from Westry. See United States v. Westry, 395 F. App'x 47, 47 (4th Cir. 2010).

On July 22, 2013, the Court received Westry's § 2241 Petition. In his § 2241 Petition, Westry contends that the Court incorrectly sentenced him as an armed career criminal in light of the Supreme Court's recent decision in Alleyne v. United States, 133 S. Ct. 2151 (2013).[2] (See § 2241 Pet. 6-11.) On July 24, 2013, the Court received a motion from Westry wherein he seeks to clarify the arguments in his § 2241 Petition ("Motion to Clarify," ECF No. 3). The Motion to Clarify (ECF No. 3) will be granted. The Court will consider Westry's § 2241 Petition as so clarified.

## II. MOTIONS UNDER 28 U.S.C. § 2255 COMPARED TO PETITIONS UNDER 28 U.S.C. § 2241

A motion made pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the

---

[2] "Alleyne now dictates that any fact that increases the mandatory minimum sentence for an offense is an element [of the] offense which must be submitted to the jury." Sanders v. Wilson, No. 1:13cv892 (AJT/TRJ), 2013 WL 3991469, at *1 n.2 (E.D. Va. Aug. 2, 2013) (citation omitted).

Sentencing Court. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[3]

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality

---

[3] An inmate may not file a second or successive § 2255 motion, unless a panel of the appropriate Court of Appeals certifies that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

3

of his detention." 28 U.S.C. § 2255(e).[4] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Hanahan v. Luther, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (internal citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008) (internal quotation marks omitted). The "controlling test," id., in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

---

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

4

In re Jones, 226 F.3d at 333-34 (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which <u>an individual is incarcerated for conduct that is not criminal</u> but, through no fault of his [or her] own, [he or she] has no source of redress." Id. at 333 n.3 (emphasis added).

### III. ANALYSIS OF WESTRY'S 28 U.S.C. § 2241 PETITION

Westry fails to satisfy the second prong of In re Jones, 226 F.3d 328, 334 (4th Cir. 2000). Specifically, Westry fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] <u>was convicted is deemed not to be criminal</u>." Id. (emphasis added). The conduct of which Westry stands convicted, possession of a firearm by a felon, remains a crime. Moreover, although Westry seeks to proceed by § 2241 to challenge his designation as an armed career offender and his enhanced sentence, "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing In re Jones, 226 F.3d at 333-34). Indeed, the Fourth Circuit has refused to allow petitioners to utilize § 2241 to challenge their designation as armed career criminals. See Farrow v. Revell, --- F. App'x ---,

5

No. 13-6804, 2013 WL 5546155, at *1-2 (4th Cir. Oct. 9, 2013) (citing Poole, 531 F.3d at 267); see also, Sanders v. Wilson, No. 1:13cv892 (AJT/TRJ), 2013 WL 3991469, at *3 (E.D. Va. Aug. 2, 2013) (concluding that the decision in Alleyne did not permit petitioner to utilize § 2241 to challenge his sentence). Accordingly, the action will be dismissed for want of jurisdiction.

Westry has requested leave to proceed in forma pauperis. For the reasons set forth above, the Court hereby certifies that any appeal is not taken in good faith. See 28 U.S.C. § 1915(a)(3).[5] Westry's request to proceed in forma pauperis on appeal (ECF No. 2) will be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Westry.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 27, 2014

---

[5] The Court hereby provides Plaintiff notice that, pursuant to Federal Rule of Appellate Procedure 24(a)(5), he may file a motion to proceed in forma pauperis on appeal in the United States Court of Appeals for the Fourth Circuit within thirty (30) days of entry hereof. Failure to timely file such a motion may result in the loss of the right to file such a motion. The motion must include a copy of this Order and the affidavit in support of his request to proceed in forma pauperis filed in the District Court.